```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Leeanne Engelhardt**

    **v.**                                  Case No. 04-cv-120-PB

**S.P. Richards Company, Inc.**
**and Genuine Parts Company**


**MEMORANDUM AND ORDER**

    Leeanne Engelhardt alleges that S.P. Richards Company, Inc. ("SPR") and its parent corporation, Genuine Parts Company ("GPC"), violated the Family and Medical Leave Act ("FMLA") by terminating her employment after she missed work to care for her daughter.  Because the SPR facility where Engelhardt worked has fewer than 50 employees, Engelhardt is not eligible for protection under the FMLA unless her employer employs at least 50 employees within 75 miles of her worksite.  Engelhardt seeks to satisfy this requirement by counting employees of GPC.  Whether she is entitled to do so depends upon whether SPR and GPC qualify as an "integrated employer."  The parties have raised the issue in cross-motions for summary judgment.

## I. BACKGROUND

**A.   Corporate Structure**

GPC is a publicly-traded corporation based in Atlanta, Georgia.  It is the parent corporation for several subsidiaries, including SPR.  It also operates an auto parts business under the name NAPA Auto Parts ("NAPA").  SPR is based in Symerna, Georgia. It is a wholesaler and distributor of office supply products. GPC and SPR have separate officers, registered agents, managers, and employees.  They have separate boards of directors, with only two overlapping members.  They also maintain separate books and records.  Each company has its own Human Resources department and is solely responsible for its own hiring and firing decisions.

GPC administers several employee benefit plans, including group health insurance, life insurance, 401(k) and pension plans. SPR's employees are eligible to participate in these plans and SPR periodically reimburses GPC for the costs of any benefits that its employees receive.

SPR has its own payroll department but its employees are paid from a GPC payroll account.  SPR reimburses GPC for all funds paid to SPR's employees.  GPC also charges SPR an administrative fee to cover its processing costs.

SPR has adopted GPC's policies on attendance, sexual harassment, substance abuse, corporate conduct and network security.  SPR decided on its own to adopt these policies.

SPR employs fewer than 50 employees at its Nashua, New Hampshire distribution facility.  GPC employs more than 50 employees at facilities located within 75 miles of SPR's Nashua facility.

**B.   Engelhardt's Employment**

SPR hired Engelhardt as a customer service representative at its Nashua distribution facility in February 2000.  On January 17, 2000, Engelhardt signed a "Genuine Parts Company Applicant Acknowledgment of Substance Abuse Policy."  On October 8, 2001, she signed an acknowledgment that she had received and agreed to abide by the "Genuine Parts Company Code of Corporate Conduct." On March 26, 2002, she signed an acknowledgment bearing the "S.P. Richards Co." name and stating that she had received and agreed to abide by the "Genuine Parts Company Employee Attendance Policy."

SPR terminated Engelhardt's employment on December 17, 2002, after she missed work the previous day to care for her daughter. The decision to terminate Engelhardt was made exclusively by

employees of SPR.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  A material fact is one "that might affect the outcome of the suit."  Id. at 248.  When considering a defendant's motion for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Id. at 252.

## III.  ANALYSIS

To be eligible for protection under the FMLA, an employee must work for an employer that employs at least 50 workers within

75 miles of the employee's worksite.  29 U.S.C. § 2611(2)(B)(ii).
In most circumstances, "the legal entity which employs the
employee is the employer under FMLA."  29 C.F.R. § 825.104(c).
An exception exists, however, if a parent and a subsidiary
qualify as an "integrated employer."  Id. § 825.104(c)(1).

To determine whether separate corporate entities are an
integrated employer, the court must review the entities'
relationship in its totality.  Id. § 825.104(c)(2).  The
following factors are considered: "(i) Common management; (ii)
Interrelation between operations; (iii) Centralized control of
labor relations; and (iv) Degree of common ownership/financial
control."  Id.  The First Circuit has followed a flexible
approach when using this test in which all four factors are
considered but control of labor relations is the primary
consideration.  Romano v. U-Haul Int'l, 233 F.3d 655, 666 (1st
Cir. 2000).

Applying the flexible approach mandated by the First Circuit
to the undisputed facts, it is apparent that SPR and GPC are not
an integrated employer.  First, although Engelhardt argues that
GPC should be treated as her employer because SPR adopted several
of GPC's employment policies, I agree with the Tenth Circuit that

"[a] parent's broad general policy statements regarding employment matters are not enough to satisfy [the control over labor relations factor]." Frank v. U.S. West, Inc., 3 F.3d 1357, 1363 (10th Cir. 1993). Instead, the facts that are determinative here are that: (1) GPC and SPR each have their own Human Resources departments; (2) each company is solely responsible for its hiring and firing decisions; (3) SPR manages day-to-day operations at the Nashua facility where Engelhardt worked; and (5) SPR's employees made the decision to terminate Engelhardt without consulting anyone at GPC. Taken together, these facts convincingly demonstrate that SPR was responsible for its own labor relations.

A second factor that favors the defendants is the absence of common management. As I have noted, GPC and SPR each have their own officers, managers and employees. Only two directors sit on both companies' boards of directors. Each company has its own headquarters. Further, Engelhardt has produced no evidence that any employee of GPC has ever exercised management control over SPR. Under these circumstances, the common management factor weighs heavily in the defendants' favor.

Engelhardt argues that the interrelation of operations factor favors her because SPR's employees are permitted to participate in GPC's employee benefit programs and SPR's employees are paid from a GPC payroll account. While I agree that GPC has assumed some of the administrative burdens associated with the provision of salary and benefits to SPR's employees, it is significant that SPR remains financially responsible for all of its employees' benefits. Given the lengths to which both companies have gone to maintain separate identities, this limited evidence of interrelated operations is not sufficient to qualify GPC and SPR as an integrated employer.[1]

Considering all of the factors discussed above, the evidence presented by Engelhardt is insufficient for a jury to find that GSP and SPR are an integrated employer.[2] Other than SPR's use of

---

[1] I have not separately addressed the common ownership/ financial control factor because it does not favor either party.

[2] The fact that SPR may have granted FMLA leave to other employees at the Nashua facility does not, in itself, bring that facility within the ambit of the FMLA. See Douglas v. E.G. Baldwin & Assocs., Inc., 150 F.3d 604, 608 (6th Cir. 1998) (holding that subject matter jurisdiction was lacking over employee's FMLA claim because employer did not have the requisite number of employees even though the parties contracted to incorporate FMLA's terms and responsibilities into their employment relationship).

GPC's personnel forms, benefits programs and payroll services, there is no evidence that SPR's operations or management were integrated with GPC.  Most importantly, there is no evidence that GPC either exercised control over the day-to-day operations and employment decisions of SPR's Nashua facility or participated in the decision to terminate Engelhardt.  As a result, employees at GPC's other facilities cannot be counted in determining whether Engelhardt's employer had the requisite number of employees to entitle her to protection under the FMLA.

### IV.   CONCLUSION

Defendants' Motion for Summary Judgment (Doc. No. 18) is granted and Engelhardt's Motion for Summary Judgment (Doc. No. 17) is denied.  The clerk is instructed to enter judgment accordingly.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 29, 2005

cc:  James W. Donchess, Esq.
     Debra Weiss Ford, Esq.
     Lisa M. Szafranic, Esq.
     Patricia E. Simon, Esq.